UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
IN RE APPLICATION OF GENIAL INSTITUCIONAL                               :
CORRETORA DE CAMBIO, TITULOS E VALORES                                  :           24-MC-348 (JMF)
MOBILIARIOS S.A. AND GENIAL INVESTIMENTOS                               :
CORRETORA DE VALORIES MOBILIARIOS S.A.                                  :               ORDER
FOR AN ORDER SEEKING DISCOVERY                                          :
PURSUANT TO 28 U.S.C. § 1782                                            :
                                                                        :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Genial Institucional Corretora de Cambio, Titulos e Valores Mobiliarios S.A., and Genial Investimentos Corretora de Valories Mobiliarios S.A. (together, "Applicants") bring this application pursuant to 28 U.S.C. § 1782 for an order authorizing discovery from Manuel Fernandes Fernandez, Brasil Plural Securities, LLC, Brasil Plural Holdings, LLC, and Daniel Sousa (together, "Respondents") by means of subpoenas served pursuant to Rule 45 of the Federal Rules of Civil Procedure. Having considered Applicants' submissions, the Court concludes — substantially for the reasons set forth in Applicants' memorandum of law but without prejudice to the timely filing of a motion to quash the subpoenas and, in the event such a motion is filed, subject to reconsideration — that Section 1782's statutory requirements are met and that the so-called *Intel* factors favor granting the application. *See, e.g.*, *Mees v. Buiter*, 793 F.3d 291, 298 (2d Cir. 2015) (citing *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004)).

      The only *Intel* factor that arguably weighs against granting the application — at least as to Respondents Fernandez, BP Holdings, and BP Securities, who are named defendants in the relevant foreign proceeding — is the first. *See Intel Corp.*, 542 U.S. at 264 ("[T]he need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad."). Applicants, however, identify reasons to believe that Respondents Fernandez, BP Holdings, and BP Securities will be able to resist discovery in that proceeding. *See* ECF No. 2, ¶¶ 19-20; *cf. Intel Corp.*, 542 U.S. at 264 (explaining that the first *Intel* factor favors granting a § 1782 application against nonparticipants because nonparticipants "may be outside the foreign tribunal's jurisdictional reach . . . [so] their evidence, available in the United States, may be unobtainable absent § 1782(a) aid)."). In any event, even if the first *Intel* factor cuts against the application, "no single *Intel* factor alone is dispositive," and the Court concludes that, on balance, the *Intel* factors weigh in favor of discovery. *See In re CBRE Glob. Invs. (NL) B.V.*, No. 20-MC-315 (VEC), 2021 WL 2894721, at *9 (S.D.N.Y. July 9, 2021); *see also In re CI Invs. Inc.*, No. 23-MISC-434 (GHW) (GS), 2023 WL 8643965, at *4 (S.D.N.Y. Dec. 14, 2023) ("Although district courts should consider the *Intel* factors as a useful guide, courts in this Circuit have clarified that they are neither exhaustive nor dispositive." (internal quotation marks omitted)).

      Accordingly, the application is GRANTED. Applicants' U.S. counsel, Gustavo J. Membiela, is authorized to serve the subpoenas attached as Exhibits A, B, C, and D to the application, Docket Nos. 1-1, 1-2, 1-3, 1-4, on Respondents, together with a copy of this Order, the application, and any supporting documents, no later than **three weeks** from the date of this Order. Applicants shall promptly file proof of such service on ECF.

     Any further proceedings shall be governed by the Federal Rules of Civil Procedure, the Court's Local Rules (http://nysd.uscourts.gov/courtrules.php), and the Court's Individual Rules and Practices in Civil Cases, (http://nysd.uscourts.gov/judge/Furman). If the parties believe that a protective order is appropriate or necessary, they shall file a joint proposed protective order on ECF, mindful that the Court will strike or modify any provision that purports to authorize the parties to file documents under seal without Court approval. *See generally Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). In the event of any dispute concerning the subpoena or any proposed protective order, the parties shall meet and confer before raising the dispute with the Court.

     The Clerk of Court is directed to terminate Docket No. 1 and to close the case (subject to an application to reopen the case in the event that there is a need for further litigation).

     SO ORDERED.

Dated: August 9, 2024  
       New York, New York

                                          JESSE M. FURMAN  
                                          United States District Judge