**NELSON MULLINS**

**Daniel Newman**
Partner
Direct Line: 305-373-9467
Direct Facsimile: 305-995-6437
Daniel.Newman@nelsonmullins.com

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AND COUNSELORS AT LAW

One Biscayne Tower
2 South Biscayne Blvd. | 21st Floor
Miami, FL 33131
T: 305.373.9400  F: 305.373.9443
nelsonmullins.com

**VIA ECF**                               September 24, 2024
Honorable Jesse M. Furman
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

RE: *In re Application of Genial Institucional Corretora de Cambio*, No. 24-MC-348 (JMF)

Dear Judge Furman:

We represent Manuel Maria Monteiro Dias Fernandes Fernandez, Brasil Plural Securities, LLC ("BP Securities"), Brasil Plural Holdings, LLC ("BP Holdings"), and Daniel Pedrosa de Albuquerque Sousa (collectively, "Respondents"). On August 9, 2024, the Court granted Genial Institucional Corretora de Cambio's ("Applicant") *ex parte* application for subpoenas ("Subpoenas") to Respondents under 28 U.S.C. § 1782. Because the application and supporting declaration omitted critical information, and the subpoenas seek broad discovery from Respondents in a manner contrary and offensive to Brazilian procedures, Respondents respectfully submit that the subpoenas should be quashed. Accordingly, pursuant to Local Rule 37.2 and Your Honor's Individual Rules and Practices in Civil Cases § 2(C), Respondents respectfully request reopening of the case, a pre-motion conference, and leave to file a motion to quash the previously-issued Subpoenas.[1] The parties have met and conferred but were unable to resolve this dispute.[2]

The Supreme Court's decision in *Intel Corp v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004), lays out four factors a court should consider in determining whether to grant an application for discovery pursuant to § 1782, or in granting a motion to quash subpoenas issued thereunder. All factors here are satisfied and warrant the requested relief.

The first *Intel* factor considers whether the party "from whom discovery is sought is a participant in the foreign proceeding," in which event "the need for § 1782(a) aid generally is not as apparent." *In re del Valle Ruiz*, 939 F.3d 520, 533 (2d Cir. 2019). This factor weighs against granting a § 1782 petition where the applicant seeks discovery from its opponent in a foreign proceeding or from a person related to that party. *In re Atvos Agroindustrial Investimentos S.A.*, 481 F. Supp. 3d 166, 176 (S.D.N.Y. 2020); *see Frasers Grp. PLC v. Morgan Stanley*, 95 F.4th 54, 59 (2d Cir. 2024) (factor weighed against discovery "where the discovery target was not a party to the foreign proceeding" but was CEO of a participant company). All Respondents except Sousa are parties to the Brazilian proceeding and, although inaccurately described by Applicants, *have and continue to participate* in the Brazilian proceeding, including (i) acknowledging service of the

---
[1] Respondents respectfully request the opportunity to provide the Court with comprehensive briefing on the issues herein, as this is their first opportunity to respond to Applicants' petition, which was granted *ex parte* by the Court. [D.E. 1, 8]. If the Court agrees, Respondents ask the Court to set a formal briefing schedule and to suspend discovery in this matter until the resolution of their Motion.

[2] During that time, the parties agreed to suspend the Subpoenas while they met and conferred.

The Honorable Jesse M. Furman
Page 2

lawsuit, (ii) filing a defensive response against Applicants' claims, and (iii) filing BP Securities's counterclaim. Steiner Decl., **Ex. 1**. Although Sousa is not a party in the Brazilian proceeding, he is BP Securities's CEO, and "for all intents and purposes," the requests to him seek discovery from BP Securities. *Frasers*, 95 F.4th at 59. This factor does not support issuance of the Subpoenas.

The second *Intel* factor also weighs in favor of quashing the Subpoenas. This factor requires the court to consider "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court assistance." *Del Valle*, 939 F.3d at 533. "[D]etermination of discoverability under the laws of the foreign jurisdiction is a useful tool" in the court's exercise of discretion under § 1782. *Mees v. Buiter*, 793 F.3d 291, 297 (2d Cir. 2015). Here, the Brazilian lawsuit is in an initial phase, and the claims that will proceed have not even been determined. **Ex. 1**. Contrary to Applicants' characterization of Brazilian courts' receptivity to foreign evidence, Brazilian law and procedure prohibit parties from being compelled to provide testimony, strictly limit documentary discovery to specific material pre-approved by the presiding Brazilian judge, require a court order for anyone to testify or produce a document, and require testimony to be taken before a judge. *Id.* There is no procedure in Brazil similar to Applicants' Subpoenas, and in Brazil, any evidence obtained without complying with the Brazilian Code of Civil Procedure, especially when it violates a party's rights, is null and void. *Id.* Indeed, Brazil's ascension to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters expressly reserved the right not to comply with letters rogatory issued to obtain pretrial discovery of documents. *Id.* As such, Respondents submit at this early stage of the Brazilian litigation, the Brazilian court would not be receptive to Applicants' requested discovery, which disfavors permitting the Subpoenas.[3]

The third *Intel* factor focuses on whether the requests are "an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country." *Del Valle*, 939 F.3d at 534. Circumvention occurs where the applicant avoids measures "intended to restrict certain means of gathering or using evidence." *Fed. Republic of Nigeria v. VR Advisory Servs., Ltd.*, 27 F.4th 136, 153 (2d Cir. 2022). Where pretrial discovery in a foreign proceeding is limited, the third *Intel* factor weighs against granting the application. *Atvos*, 481 F. Supp. 3d at 177 (noting applicant sought "discovery from its opponent (and its affiliates) in the [Brazilian court] under U.S. law," which could be "an end run around proof-gathering restrictions in Brazil"). The opportunity for a party to obtain pretrial discovery in a Brazilian proceeding is limited, a party or its representatives cannot be compelled to testify against themselves, witness questioning is conducted only with judicial supervision, and abstract investigation or generic searches for documents are not permitted. **Ex. 1**. Applicants' document and deposition topics are also generic, overbroad, and extend far beyond the issues relevant to the Brazilian proceeding, and would not be permitted in that proceeding. *Id.* Applicants' attempt to circumvent such restrictions or avoid unfavorable discovery decisions from the Brazilian court favors quashing the Subpoenas. *In re Kreke Immobilien KG*, 2013 WL 5966916, at \*6 (S.D.N.Y. Nov. 8, 2013).

The fourth *Intel* factor concerns whether the request is unduly intrusive or burdensome under Federal Rule of Civil Procedure 26's standards. *Del Valle*, 939 F.3d at 534; *Mees*, 793 F.3d

---

[3] To the extent Applicants contend that discovery obligations are not enforceable in Brazil, which is inaccurate, they can later seek subpoenas in the United States for any proper discovery ordered against Respondents by the Brazilian court and in accordance with Brazilian law. The Brazilian court could also approve a request by Applicants under the Hague.

The Honorable Jesse M. Furman
Page 3

at 302. These factors include "weighing the probative value of the materials sought," *In re Tiberius Grp. AG*, 2020 WL 1140784, at \*7 (S.D.N.Y. Mar. 6, 2020), and "relevance, the need of the party for the documents, the breadth of the document, the time period covered by it, the particularity with which the documents are described and the burden imposed," *In re Zouzar Bouka*, 637 F. Supp. 3d 74, 91 (S.D.N.Y. 2022). The requests must be tailored to "information relevant to the parties' claims and defenses and proportional to the needs of the case." *Associacão dos Profissionais dos Correios v. Bank of N.Y. Melon Corp.*, 2022 WL 4955312, at \*8 (S.D.N.Y Oct. 4, 2022). "Requests for 'all' documents are inherently overbroad unless the 'all' refers to a very discrete set of documents." *Id.*; *In re Catalyst Managerial Servs., DMCC*, 680 F. App'x 37, 39 (2d Cir. 2017). Applicants failed to explain how their overbroad requests (including to "all" documents "concerning" broad topics) are tailored to the claims and proportional to the needs of the Brazilian proceeding. Indeed, their requests go far beyond arguably relevant information concerning business activity in Brazil and extend to Respondents' entire business. The four subpoenas are also redundant and seek information already available to Applicants. Thus, the fourth factor favors quashing. In sum, the Brazil proceeding is in an early phase, the claims that will be litigated have not been decided, the discovery sought by Applicants contravenes the Brazilian practices and protections, and the discovery greatly exceeds any reasonable scope such that the subpoenas should not stand. *Kiobel ex rel. Samkalden v. Cravath, Swaine & Moore LLP*, 895 F.3d 238, 242 (2d Cir. 2018) (granting § 1782 discovery is discretionary and not mandated by statute).

Further, as to Sousa, the first § 1782 statutory factor is not satisfied. It is Applicants' burden to prove this factor. *In re Golden Meditech Holdings, Ltd.*, 2024 WL 1349135, at \*4 (S.D.N.Y. Mar. 29, 2024). While § 1782 extends to the limits of personal jurisdiction, there must be a causal relationship between Sousa's forum contacts and the discovery Applicants seek. *In re Klein*, 2022 WL 1567584, at \*6 (S.D.N.Y. May 18, 2022). While Sousa is BP Securities's CEO, he is a Brazilian citizen and resident, and the location of BP Securities's alleged office, [D.E. 2 § 14], is insufficient to convey specific personal jurisdiction over Sousa, particularly as the requests seek discovery beyond Sousa's role as CEO. *Grp. One Ltd. v. GTE GmbH*, 523 F. Supp. 3d 323, 336–37 (S.D.N.Y. 2021) (noting that an individual's position as a CEO alone is insufficient for specific jurisdiction). Applicants have not shown that Sousa purposefully availing himself of the forum is the primary and proximate reason the evidence Applicants seek is available at all.

Alternatively, if the Court permits discovery, Respondents object to specific document requests and deposition topics as being overbroad, unduly burdensome, disproportionate, duplicative, and seeking irrelevant and privileged information. Such objections are set forth in **Exhibit 2**, which was served upon Applicants in accordance with Rule 45 for the document requests, and such objections may be discussed in further briefing if sought by Applicants and permitted by the Court. Finally, if discovery is permitted, Respondents request reciprocal discovery against Applicants, which the Court has the discretion to order, particularly when the reciprocal exchange of information "would lend parity to the disclosure mix." *In re Consorcio Minero, S.A. v. Renco Grp.*, 2012 WL 1059916, at \*3 (S.D.N.Y. Mar. 29, 2012); *In re Esses*, 101 F.3d 873, 876 (2d Cir. 1996). Reciprocal discovery is particularly favored where, as here, one party cannot initiate its own § 1782 action against a party that is a foreign company not found in any district in the United States. *Id.* at \*4. Because of the discovery restrictions in Brazil, **Ex. 1**, Respondents will be unable to obtain the same type of discovery from Applicants, making reciprocal discovery appropriate here to "lend parity to the disclosure mix." *Id.* at \*3.

The Honorable Jesse M. Furman
Page 4

Very truly yours,

**/s/ _Daniel S. Newman_**
Daniel S. Newman

cc: Counsel of Record

The parties

The parties are hereby ORDERED to appear for a telephone conference on **October 1, 2024**, **at 4:15 p.m**.  In advance of the conference, the parties should confer with respect to a briefing schedule for a motion to quash.  The conference will be held remotely by telephone in accordance with Rule 3(B) of the Court's Individual Rules and Practices in Civil Cases, available at https://nysd.uscourts.gov/hon-jesse-m-furman.  The parties should join the conference by calling the Court's dedicated conference line at (888) 363-4749 and using access code 542-1540, followed by the pound (#) key.  Counsel should review and comply with the rules regarding teleconferences in the Court's Individual Rules and Practices in Civil Cases, including Rule 2(B)(i), which requires the parties, no later than 24 hours before the conference, to send a joint email to the Court with a list of counsel who may speak during the teleconference and the telephone numbers from which counsel expect to join the call.  The Clerk of Court is directed to terminate ECF No. 13.

SO ORDERED.

September 25, 2024