UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- X
 :
IN RE APPLICATION OF GENIAL INSTITUCIONAL   :
CORRETORA DE CAMBIO, TITULOS E VALORES      :   24-MC-348 (JMF)
MOBILIARIOS S.A. AND GENIAL INVESTIMENTOS   :
CORRETORA DE VALORIES MOBILIARIOS S.A.      :
FOR AN ORDER SEEKING DISCOVERY PURSUANT     :   MEMORANDUM OPINION
TO 28 U.S.C. § 1782                         :        AND ORDER
 :
---------------------------------------------------------------------- X

JESSE M. FURMAN, United States District Judge:

       In this case, brought pursuant to 28 U.S.C. § 1782 and familiarity with which is presumed, the Court previously granted an application by Petitioners Genial Institucional Corretora de Cambio, Títulos e Valores Mobiliários S.A. and Genial Investimentos Corretora de Valories Mobiliários S.A. (together, "Genial") for discovery in aid of a foreign proceeding but held that Respondents Brasil Plural Holdings, LLC, Brasil Plural Securities, LLC, Manuel Maria Monteiro Fernandes Fernandez, and Daniel Pedrosa de A. Sousa (together, "Respondents"), were entitled to reciprocal discovery. *See In re Genial Institucional Corretora de Cambio, Titulos e Valores Mobiliarios S.A.*, No. 24-MC-348 (JMF), 2025 WL 40783 (S.D.N.Y. Jan. 7, 2025). Thereafter, the parties met and conferred but were unable to agree on the scope of the reciprocal discovery. *See* ECF No. 28, at 2-3. Genial now moves for leave to serve amended subpoenas calling for the testimony of two Defendants as witnesses and to "confirm[]" its "proposal" for reciprocal discovery, namely Respondents' deposition of Genial's "designated corporate representatives." *Id.* at 3; *see* ECF No. 27.

       To the extent that Genial moves to "confirm" its proposal for the scope of reciprocal discovery, its motion is DENIED. Under Rule 30 of the Federal Rules of Civil Procedure, a party seeking to depose a corporate party has the choice to *either* designate "a specific officer,

director, or managing agent . . . to give testimony pursuant to a notice of deposition," *Cambridge Cap. LLC v. Ruby Has LLC*, No. 20-CV-11118 (LJL), 2022 WL 889143, at *1 (S.D.N.Y. Mar. 24, 2022) (internal quotation marks omitted), *or* "describe with reasonable particularity the matters for examination" and allow the corporation to "designate" a representative to testify on its behalf, Fed. R. Civ. P. 30(b)(6).  Genial seeks to deprive Respondents of this choice, but it cites no authority to support that request.  Accordingly, that portion of its motion is rejected and Respondents are permitted to depose the witnesses of their own choosing, Aldeir Salvadori and Luis Jose Rebello de Resende, both of whom are directors of Genial.  *See* ECF No. 33-2 ¶¶ 4, 6; *id.* at 6-7, 21.  So long as Genial presents Salvadori and Resende for depositions, it may serve its amended subpoenas calling for the testimony of Fernandez and Sousa.

In sum, Genial's motion is GRANTED in part and DENIED in part.  The Clerk of Court is directed to terminate ECF No. 27 and to close the case, subject to the right of either party to move to reopen the case either to enforce the Court's orders or to resolve any further disagreements between the parties.

SO ORDERED.

Dated: August 12, 2025
       New York, New York

                                          JESSE M. FURMAN
                                          United States District Judg